IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| SOUTHWEST GEORGIA FINANCIAL CORPORATION AND EMPIRE FINANCIAL SERVICES, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION NO.: 7:08cv55(HL) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR JUDICIAL NOTICE**

Plaintiffs move the Court to take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of sections of the Code of Federal Regulations, rules and regulations of federal and state agencies, and a federal agency's records available on the agency's internet website. These documents are attached as Exhibits 1 – 23 to Plaintiffs' Motion for Judicial Notice and incorporated fully herein by reference.

**Argument and Authority**

Federal Rule of Evidence 201(d) provides that a "court shall take judicial notice if requested by a party and supplied with the necessary information." FED. R. EVID. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate

and ready determination by resort to sources whose accuracy cannot be reasonably questioned." FED. R. EVID. 201(b).  The exhibits are proper subjects of judicial notice because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  See id.

44 U.S.C.A. § 1507 states that the "contents of the Federal Register shall be judicially noticed."  44 U.S.C.A. § 1507 (1968).  Plaintiffs move this Court to take notice of two sections of the Code of Federal Regulations (the "CFR").  The contents of these sections of the CFR, 12 C.F.R. § 304.3 (2002) and 12 C.F.R. § 560.160 (2001), were set forth in the Federal Register prior to their publication in the CFR.  FDIC Reports, 67 Fed. Reg. 18,793 (Apr. 17, 2002) (to be codified at 12 C.F.R. § 304.3); OTS Asset Classification, 66 Fed. Reg. 12,993 (Mar. 5, 2001) (to be codified at 12 C.F.R. § 560.160).  Therefore, the Court should take judicial notice of Exhibits 1 and 3, which are found at 12 C.F.R. § 304.3 (2002) and 12 C.F.R. § 560.160 (2001), respectively.  See 44 U.S.C.A. § 1507; *Crimm v. Mo. Pac. R.R. Co.*, 750 F.2d 703, 709-710 (8th Cir. 1984) ("The district court may take judicial notice of the Federal Register and the Code of Federal Regulations.") (citations omitted); *United States v. Spence*, 425 F.2d 1079, 1080 (5th Cir. 1970) (taking judicial notice of a regulation in the Federal Register).

A court may take judicial notice of federal and state administrative agency rules and regulations.  See *Roemer v. Bd. Of Pub. Works of Md.*, 426 U.S. 736, 743 n.4 (1976); *Carter v. Am. Tel. & Tel. Co.*, 365 F.2d 486, 491 (5th Cir. 1966) (noting that a federal court may take judicial notice of federal agency regulations and orders); *Milwaukee Mechs. Ins. Co. v.*

US2008 634969.1

2

*Oliver*, 139 F.2d 405, 407 (5th Cir. 1943)[1] (noting that a federal court may take judicial notice of a state administrative agency regulation). "This is especially true of the laws of the state in which the district court sits." *Toney v. Burris*, 829 F.2d 622, 627 (7th Cir. 1987). Agency rules and regulations are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." See FED. R. EVID. 201(b); *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002).

Accordingly, the Court should take judicial notice of Exhibits 2, 4, 5, and 6, which are the Federal Financial Institutions Examination Council Instructions Glossary, the Office of Thrift Supervision Examination Handbook, and Chapter 80-1-10 of the Georgia Department of Banking and Finance Rules and Regulations, respectively. This Court sits in Georgia, so it should take judicial notice of the Georgia Department of Banking and Finance regulations. Additionally, the aforementioned Instructions and Handbook are both explicitly referenced in the CFR and the Federal Register, which should be judicially noticed pursuant to 44 U.S.C.A. § 1507. FDIC Reports, 67 Fed. Reg. 18,793 (Apr. 17, 2002) (to be codified at 12 C.F.R. § 304.3); 12 C.F.R. § 304.3 (2002) ("[E]very national bank, state member bank, and insured state nonmember bank is required to file Consolidated *Reports of Condition and Income* (also known as the Call Report) in accordance with the *instructions for these reports*.") (emphasis added); OTS Asset Classification, 66 Fed. Reg. 12,993 (Mar. 5, 2001) (to be codified at 12 C.F.R. § 560.160); 12 C.F.R. § 560.160 (2001) ("Each savings association must evaluate and classify its assets on a regular basis in a manner consistent

---

[1] The Eleventh Circuit adopted previous Fifth Circuit decisions as its own "body of precedent" in 1981 in *Bonner v. City of Prichard, Al.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

US2008 634969.1

3

with, or reconcilable to, the asset classification system used by *OTS in its Thrift Activities Handbook*.") (emphasis added).

A federal court may also take judicial notice of internet pages on administrative agency websites.  See *Marsh v. Butler Co., Al.*, 268 F.3d 1014, 1049 n.3 (11th Cir. 2001) (taking judicial notice of a map from the Mapquest internet website); *In re Everglades Island Boat Tours, LLC*, 484 F.Supp. 2d, 1261 (M.D. Fla. 2007) (taking judicial notice of records of a state agency available on the state agency website); *Smith v. Polk Co., Fla.*, No. 8:05-CV-873-T-30MSS, 2005 WL 1276374, at *1 (M.D. Fla. May 26, 2005) (taking judicial notice of an internet database maintained by a Sherriff's Department).  Therefore, this Court should take judicial notice of Exhibits 7 – 23, which are the Federal Department Insurance Corporation's (the "FDIC") "Bank Find" queries on the FDIC website, which identify FDIC-insured institutions according to FDIC records.  Each of the FDIC-insured institutions identified is a "participating bank" claimant herein.

### Conclusion

Because Plaintiffs are supplying the Court with all necessary information, and because these facts are capable of accurate and ready determination by resort to accurate sources such as federal laws, federal and state agency regulations, and federal agency records on the agency website, Plaintiffs respectfully move this Court to take judicial notice of these Exhibits 1 – 23.

Submitted this 16th day of April, 2009.

| | |
|---|---|
| KILPATRICK STOCKTON LLP<br>Suite 2800<br>1100 Peachtree Street<br>Atlanta, Georgia 30309-4530<br>(404) 815-6500<br>jleonard@kilpatrickstockton.com<br>aperez@kilpatrickstockton.com<br>elparker@kilpatrickstockton.com | /s/ James J. Leonard<br>James J. Leonard<br>Georgia Bar No. 446655<br>Adria L. Perez<br>Georgia Bar No. 141306<br>M. Ellen Parker<br>Georgia Bar No. 461982<br><br>Attorneys for Plaintiffs |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDICIAL NOTICE** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

| | |
|---|---|
| Joyce M. Mocek, Esq. | Tory M. Bishop, Esq. |
| Kutak Rock LLP | Kutak Rock LLP |
| Suite 2100 | The Omaha Building |
| Peachtree Center South Tower | 1650 Farnam Street |
| 225 Peachtree Street, N.E. | Omaha, NE  68102-2186 |
| Atlanta, GA  30303-1731 | tory.bishop@kutakrock.com |
| Joyce.Mocek@KutakRock.com | |

This 16th day of April, 2009,

| | |
|---|---|
| KILPATRICK STOCKTON LLP | /s/ James J. Leonard |
| Suite 2800 | James J. Leonard |
| 1100 Peachtree Street | Georgia Bar No. 446655 |
| Atlanta, Georgia 30309-4530 | Adria L. Perez |
| (404) 815-6500 | Georgia Bar No. 141306 |
| jleonard@kilpatrickstockton.com | M. Ellen Parker |
| aperez@kilpatrickstockton.com | Georgia Bar No. 461982 |
| elparker@kilpatrickstockton.com | |
| | Attorneys for Plaintiffs |

US2008 624214.1