# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **SOUTHWEST GEORGIA FINANCIAL CORPORATION and EMPIRE FINANCIAL SERVICES, INC.,** | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 7:08-cv-55(HL) |
| **COLONIAL AMERICAN CASUALTY AND SURETY COMPANY,** | : : : | |
| Defendant. | : | |

## ORDER

This case is before the Court on Plaintiffs Southwest Georgia Financial Corporation and Empire Financial Services, Inc.'s Motion for Partial Summary Judgment Regarding Reasonableness of Attorney Fees (Doc. 52).

As part of its Second Amended Complaint, Plaintiffs have requested an award of attorney's fees pursuant O.C.G.A. § 33-4-6, based on Defendant Colonial American Casualty and Surety Company's alleged bad faith in refusing to pay Plaintiffs' insurance claim. O.C.G.A. § 33-4-6(a) allows for an award of attorney's fees when it has been determined that the refusal of an insurer to pay a claim was in bad faith. The attorney's fees amount is to be determined by the trial jury, and the fees "shall be fixed on the basis of competent expert evidence as to the reasonable value of the services based

on the time spent and legal and factual issues involved in accordance with prevailing fees in the locality where the action is pending...." Id.

In support of its claim as to the reasonableness of its attorney's fees, Plaintiffs have provided an expert report signed by Wade Coleman, an attorney who has practiced law in Valdosta for over 45 years, and with whom the Court is very familiar. Mr. Coleman's opinion is that "[t]he hourly rates and invoices charged to plaintiffs by the law firm of Kilpatrick Stockton, LLP are reasonable, and within the range of fees charged by attorneys for complex cases." (Doc. 52-4). According to Plaintiffs' Motion, the attorneys' hourly rates are: James Leonard - $460, Adria Perez - $300, and Ellen Parker - $225. Based on Mr. Coleman's report, which was unchallenged by Defendant, Plaintiffs have moved for summary judgment on the issue of the reasonableness of their hourly rates.

The party moving for summary judgment always bears the initial burden of informing the district court of the basis for its motion and identifying those portions of the record which it contends demonstrate the absence of a genuine issue of material fact. United States v. Four Parcels of Real Property in Green and Tuscaloosa Counties, 941 F.2d 1428, 1437-38 (11th Cir. 1991). If the moving party does not carry its initial burden, the motion for summary judgment must be denied. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993). It is the obligation of the Court to ensure that the standards for summary judgment are met.

2

The fees statute requires the rates to be in line "with prevailing fees in the locality where the action is pending." This action is pending in Valdosta. While Plaintiffs filed an expert report from a Valdosta attorney, nowhere in the report does it say that Plaintiffs' attorneys' proposed rates are reasonable for Valdosta or the Middle District, and based on past experience, the Court has doubts that the proposed rates are reasonable for Valdosta.[1]

The Court is bound by the language of the statute, and as Plaintiffs have not presented competent evidence relating to the reasonable value of the services in accordance with the Valdosta area, they have not supported their burden on summary judgment. Therefore, Plaintiffs' Motion for Partial Summary Judgment Regarding Reasonableness of Attorney Fees (Doc. 52) is **DENIED**. The Court will revisit the issue of attorney's fees if and when a determination is made that Defendant acted in bad faith.

---

[1]The Court notes that in the recent case of Williams v. Packaging Corporation of America, Inc., et al., Civil Action No. 7:06-cv-111(HL), the Court was presented with an affidavit from Mr. Coleman in connection with an attorney's fees claim made in a Title VII case. There, one of the prevailing defendants was represented by the law firm of King & Spalding. In his affidavit, Mr. Coleman stated that he was familiar with rates billed and paid in comparable cases filed in Valdosta and the Middle District. He determined that a reasonable rate in Valdosta for an attorney with thirty-eight years' experience practicing law was $250 per hour, for an attorney with five years' experience was $175 per hour, and for an attorney with two years' experience was $150 per hour.

**SO ORDERED**, this the 28th day of August, 2009.

s/   Hugh Lawson

**HUGH LAWSON, SENIOR JUDGE**

mbh